IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONTARIUS WILSON,

    **Plaintiff,**

v.                                  **Case No. 4:25-cv-360-AW-MAF**

UNITED STATES OF AMERICA,

    **Defendant.**

_____/

## FINAL ORDER

Pro se Plaintiff Rontarius Wilson sued Jose Feliciano in state court. ECF No. 1-1. He alleged Feliciano "dispos[ed] of personal items without knowledge." *Id.* The United States removed the case. ECF No. 1.

Under the Westfall Act, the United States can remove state actions if it certifies the defendant "was acting within the scope of his office or employment at the time of the incident." 28 U.S.C. § 2679(d)(2). This certification is conclusive for purposes of removal. *Id.* Based on the United States' certification, the magistrate judge substituted the United States as the defendant. *Id.*; ECF No. 12. However, a plaintiff can move for judicial review of the certification. *De Martinez v. Lamagno*, 515 U.S. 417, 434 (1995).

Both the United States and Wilson moved to dismiss. The United States argued this court lacked jurisdiction for two reasons: faulty derivative jurisdiction

1

and sovereign immunity. ECF No. 9 at 3-5. Wilson also challenged this court's jurisdiction and the Attorney General's certification. ECF No. 11 at 1.

The magistrate judge construed Wilson's motion as a motion for judicial review of the certification. Wilson and the United States filed supplemental briefs. ECF Nos. 25-26. The magistrate judge then issued a report and recommendation. ECF No. 28. Neither side filed objections. After review, I now adopt the report and recommendation in part.

I begin with the certification. While the court "must apply *de novo* review to the Attorney General's scope of employment certification," the certification itself "serves as *prima facie* evidence that the conduct at issue occurred within the scope of employment." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022). Thus, Wilson has the burden to prove that Feliciano acted outside the scope of his employment. *Id.*

Florida law governs the question of whether an employee acted within the scope of his employment. *Id.* Under Florida law, an act is within the scope of employment if the act "is of the kind [the employee] is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master." *Kane Furniture Corp. v. Miranda*, 506 So. 2d 1061, 1067 (Fla. 2d DCA 1987). "Stated another way, the issue is 'whether the employee was doing what his employment contemplated.'" *Nadler*

*v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992) (quoting *Morrison Motor Co. v. Manheim Servs. Corp.*, 346 So. 2d 102, 104 (Fla. 2d DCA 1977)).

The pertinent facts are undisputed. The Postmaster attests that she told Feliciano he could use an area of the Quincy post office as a workspace. ECF No. 23-1 ¶ 3. And she asked a custodian to help Feliciano clean the room. *Id.* ¶ 4. These unrefuted assertions establish that Feliciano was acting in the scope of his employment at the relevant time.

At any rate, Wilson has not met his burden. First, he says that Feliciano's "official duty station was the Lake Jackson/Tallahassee Post Office." ECF No. 25 at 2. But he has not pointed to evidence that proves Lake Jackson/Tallahassee was Feliciano's only assigned station. *See* ECF No. 25 at 7 (identifying Feliciano's duty station as "GFA District Craft"); *see also id.* at 12 (postmaster attestation that she offered Feliciano a new workspace at the Quincy post office). An employee can certainly act within the scope of his employment when away from his duty station. Second, Wilson points to a lack of documentary evidence that authorized Feliciano's presence at the Quincy post office. *Id.* at 3. But the Postmaster's affidavit provides evidence of that authorization. And because Wilson has the burden, a lack of evidence would not help him. Third, Wilson argues the removal of property was unrelated to Feliciano's job as a driver safety instructor. *Id.* But the Postmaster's affidavit shows the job connection: he was cleaning out his new workspace. At

3

bottom, Wilson has failed to prove Feliciano's conduct occurred outside of the scope of employment, so certification (and thus substitution) was proper.

After substitution, this lawsuit became one against the United States. 28 U.S.C. § 2679(d)(2). That means sovereign immunity applies. A prerequisite of the FTCA's waiver of sovereign immunity is presentment to the appropriate federal agency. *See* 28 U.S.C. § 2679(d)(4) ("Upon certification, any action or proceeding . . . shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions."); *see also id.* § 2675(a) (presentment requirement). Because Wilson has not shown that he presented his claim to the appropriate agency, the court lacks jurisdiction.[1]

Wilson's motion for judicial review of certification (ECF Nos. 11, 15) is DENIED. The United States' motion to dismiss (ECF No. 9) is GRANTED. The report and recommendation is adopted to the extent consistent with this order.[2] The

---

[1] Wilson does say that he "followed proper procedure under Florida law." ECF No. 15 at 4. But because of the United States' certification and substitution, he also had to comply with the Federal Tort Claims Act. Wilson may still have an opportunity to do so. *See* 28 U.S.C. § 2679(d)(5).

[2] Because the exhaustion issue requires dismissal, I do not decide the derivative-jurisdiction issue. It is not clear that the principle applies in the Westfall Act context.

clerk will enter a judgment that says, "This case is dismissed without prejudice for lack of jurisdiction." The clerk will then close the file.

SO ORDERED on April 20, 2026.

s/ *Allen Winsor*
Chief United States District Judge